NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SELVYN MANUEL JUAREZ-DOMINGO, | No.    18-70887 |
| Petitioner, | Agency No. A202-029-899 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2019**

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Selvyn Manuel Juarez-Domingo, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeal's ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Juarez-Domingo's challenges to the IJ's time bar determination because he did not raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Juarez-Domingo fears harm in Guatemala based on his family membership. Substantial evidence supports the agency's determination that Juarez-Domingo failed to establish that any harm he experienced or fears in Guatemala was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 356-60 (9th Cir. 2017) (discussing the respective nexus requirements for asylum and withholding of removal claims); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Juarez-Domingo's asylum and withholding of removal claims fail.

18-70887

Substantial evidence also supports the agency's denial of CAT relief because Juarez-Domingo failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, Juarez-Domingo's request to remand is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**